## Graham *v.* Heidrick, Appellant.

*Will—Life estate—Words and phrases—" Home and residence."*

Where a small farmer, owning a small tract of land on which he resides, directs by his will that after his decease, his wife shall occupy his " present home and residence during her natural lifetime, and also my daughter as long as she remains single," the daughter after the death of her mother is entitled to the occupancy and possession of the whole farm as long as she remains single.

Argued Oct. 14, 1902.  Appeal, No. 167, Oct. T., 1902, by defendant, from decree of C. P. Armstrong Co., June T., 1901, No. 165, on bill in equity in case of Elizabeth Graham v. Henry A. Heidrick, Guardian of Adam Boltz.  Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.  Affirmed.

Bill in equity for partition.   Before MILLER, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The court entered the following decree:

And now, July 14, 1902, it appearing to the court that service of the bill in the above entitled case was duly made upon the defendant, Henry A. Heidrick, guardian of the minor children of Adam Boltz, and that he appeared by counsel and filed his appearance and answer; and it further appearing· that by agreement of the parties the case came on to be heard, it is hereby ordered and decreed that partition be had of the said property described in said bill to and among the parties entitled thereto.   And it is further adjudged and decreed that the said Elizabeth Graham is the owner in fee of the undivided one fourth of the said land and that she has a right to occupy the remaining three fourths so long as she remains unmarried and single, or, if the same cannot be divided without prejudice to or spoiling the whole, and partition is made thereof, that she be entitled to receive the interest on the proceeds of three fourths thereof when sold; and that Henry Boltz, Anna Boltz, Eva Boltz, William Boltz and Della Boltz, represented by Henry A. Heidrick, as guardian, be decreed to be the owners of the other undivided three fourths of said land, subject to the rights of Elizabeth Graham as above set forth; and Floy C. Jones is appointed a master to make partition of the land among the parties as above decreed, or if he decides that the same cannot be divided without prejudice to or spoiling the whole, to report the value thereof to the court.

*Error assigned* was the decree of the court.

*Don C. Corbett*, with him *Orr Buffington* for appellant, cited: Kennedy's App., 81* Pa. 163; Bennett v. Bittle, 4 Rawle, 339; Rogers v. Smith, 4 Pa. 93.

*E. O. Golden*, with him *Ross Reynolds*, for appellee, cited: Lacy v. Green, 84 Pa. 514; Cooper v. Pogue, 92 Pa. 254.

OPINION BY MR. JUSTICE DEAN, January 5, 1903:

Patrick Graham owned a small farm whereon he lived and

which he cultivated in Sugar Creek township, Armstrong county. His family consisted of a wife, Hannah, two daughters, Mary and Elizabeth, and two sons, William and Leander. He possessed, practically, no estate except the farm. This he disposed of by will as follows:

"I leave and bequeath the farm whereon I now reside to my two sons William Graham and Leander Graham to be divided equal betwixt them share and share alike. I leave and bequeath to my daughter Mary, intermarried to John Coyle, one hundred dollars. I leave and bequeath to my daughter Elizabeth one hundred dollars. I leave and bequeath to my wife Hannah two hundred dollars in cash. I order that after my decease my wife Hannah shall occupy my present home and residence during her natural lifetime and also my daughter Elizabeth as long as she remain single."

He died April 13, 1865. The widow and daughter Elizabeth continued to occupy the farm until some years after, when the mother died; the daughter remained on the farm unmarried and still occupies it. William Graham, one of the sons, died February 19, 1893, unmarried and without issue ; by his will he devised one half his interest in the farm to his sister Elizabeth. The defendant is now the owner of whatever Elizabeth does not own ; she claims a right to occupy the whole farm as long as she remains unmarried, by the terms of her father's will, and a fee in the undivided one fourth under her brother William's will. The defendant denies that she is entitled to more than the right to occupy the dwelling and buildings as long as she remains single, but concedes to her a fee in the undivided one fourth devised to her by her brother. What is a proper interpretation of the clause in the will as quoted? The intention of the testator must determine her estate.

The words, "I order that after my decease my wife Hannah will occupy my present home and residence during her natural lifetime and also my daughter Elizabeth as long as she remains single," are susceptible of conflicting interpretations. Did he mean the dwelling and buildings, or the farm including the buildings in which they would be sheltered? We must, as nearly as possible, to arrive at the intention, put ourselves in place of testator ; consider his modes of thought, his surroundings and the significance of his language, as he used it in refer-

ence to that subject.   He was a small farmer with a small tract of land.   In speaking of his property, ordinarily, he would make no distinction between the buildings and the land; he would say my home, my farm, my place, where I live, meaning by each appellation his entire farm property, and would be so understood by his neighbors.   We doubt, unless possibly in an application for fire insurance, he would have used the word "buildings" as distinguished from the farm on which they were erected.   In the first part of the paragraph he leaves to the two sons "the farm whereon I now reside," thus clearly treating the farm as his residence.   In the same paragraph follow the words of which the meaning is disputed, "my wife Hannah will occupy my present home and residence during her natural lifetime and also my daughter Elizabeth as long as she remains single."   There is no reason why the scope of the word "reside," which embraced the whole farm in the first part of the paragraph, should be narrowed by the word "residence" in the latter part, so as to include only the buildings. In view of the surroundings of testator, he having nothing else to give his aged wife and single daughter, it is highly improbable that he intended to provide nothing but a roof to shelter them.   Many wills of farmers, in like circumstances come before us for interpretation ; in many of them, provision is made for the widow by setting apart a house for her or rooms for her in the house as a dwelling place, and when the farm itself is devised to children, there is almost invariably, in addition, a fixed share of the crops and certain privileges on the farm specified for her support.   Here nothing further was specified because, doubtless, the testator thought he had given a life estate in the whole by the words "home" and "residence." The case cited and relied on by appellant, Kennedy's Appeal, 81* Pa. 163, does not fit the words of this will.   The words there are : "It is my wish and desire that while any of my daughters live single, that they have a home and residence in the house I now live in."   This court, while apparently conceding, that if the words "home" and "residence" had stood alone, they would have extended the possession beyond the buildings, yet by the use of the word "house," the testator manifestly intended to restrict their occupation to the buildings.

We therefore adopt the interpretation put upon this will by the learned judge of the court below, although we do not concur in all he says, in reaching the conclusion.

Decree affirmed.