## Gerwell v. Blockus

*John Aponick, Jr.,* for plaintiff.

*John E. O'Connor,* for defendants.

BROMINSKI, J., February 9, 1972.—This matter comes before the court upon application of plaintiff for an injunction against defendants to permanently enjoin and restrain defendants from denying plaintiff his right of ingress and egress through the home and premises known as 44 Krych Street, Kingston, Luzerne County, Pa.

After hearing, we make the following:

### FINDINGS OF FACT

1. Defendants, Louis Blockus and Stella Blockus, his wife, occupy the premises at 44 Krych Street, which premises fronts on Krych Street.

2. Plaintiff, Leo Gerwell, occupies the premises located at 42 Krych Street, which is immediately to the rear of 44 Krych Street.

3. Both plaintiff and defendants acquired title to the respective premises by virtue of the will of John Gerwell, deceased, who died on February 6, 1953, and whose will is filed to no. 227 of 1953 in the office of the Register of Wills of Luzerne County.

4. Decedent, in devising the premises aforesaid, also granted unto plaintiff, Leo Gerwell, the following: "It is our further order and direction that our beloved son, Leo, shall always have the right of ingress and egress through the family home to and from the property herein devised to him, provided, however, that the same shall be of no more frequency and number than that usually required for a family dwelling."

5. Considerable difficulties have developed over the years over the use of this easement and, more par-

ticularly, since 1964. Prior to 1964, plaintiff was in the military service and retired from the Air Force in July 1964. Prior to that time he has leased the premises at 42 Krych Street and has collected the rents therefrom.

6. Since 1969 defendants have prevented plaintiff from exercising his right of ingress and egress "through the family home."

7. Essentially, plaintiff has used the sidewalk adjoining the family home.

8. Defendants never provided him with a key to the family home. A fortiori, they have refused to give him one.

## DISCUSSION

While defendants in their "New Matter" have pleaded that plaintiff has abandoned or in some other way caused this right of ingress or egress through the "family home" to be extinguished, there has been insufficient proof of record to establish it has been terminated.

Turning to the merits, what test should we use in reaching a resolution of the present problem? Some aid is found in Graham v. Heidrick, 204 Pa. 238, 240-41. "We must, as nearly as possible, to arrive at the intention, put ourselves in place of testator; consider his modes of thought, his surroundings and the significance of his language, as he used it in reference to that subject." In that case, the court was considering a comparable problem, the interpretation of the term "my present home and residence." One party contended it meant only what it said, the physical house, while the adversary contended it meant the entire farm. The court decided that since the testator was referring to a life estate for his wife, it meant the entire farm.

Further aid is found in Merrill v. Manufacturers

Light and Heat Co., 409 Pa. 68, 73, where the court said:

"To ascertain the nature of the easement created by an express grant we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and *may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made.*" (Italics supplied.)

At least one fair interpretation of the worlds of John Gerwell, deceased, the creator of the easement, can be safely made. He did not create this easement to promote legal controversy between his daughter and his son. The decedent must have intended to promote domestic tranquility and harmony between the two and probably did not foresee their present states of mind.

If the testator literally meant that plaintiff should have the right to physically pass through the actual home of defendants under any circumstances, the situation is tenuous indeed, with plaintiff insisting that he have a key to defendants' home in order to assure him passage through it a hundred times a day, if necessary. The testator never intended that.

With the present state of the record, the court considers that plaintiff is not deprived of any necessary right of ingress and egress to and from his home across defendants' premises by the use of the sidewalk adjoining defendants' home and, therefore, will not grant his prayer for relief. To do so would promote domestic disharmony which assuredly was not intended by the testator. While the right to proceed through defendants' home may have been a clear right when the testator created it, it is not now so clear, and, under the circumstances, the court will not grant injunctive relief as requested.

## ORDER

And now, this January 27, 1972, at 2:35 p.m., it is hereby ordered and decreed that plaintiff's prayer for injunctive relief in allowing him to go physically through the home of defendants is denied; it is, however, granted to allow him ingress and egress via the sidewalk through the premises known as 44 Krych Street for the purpose of going to and from his premises at 42 Krych Street, Kingston, Pa.